# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   v.                                                **Case No. 06-CR-214**

**SONYA REYES**
        **Defendant.**

## SENTENCING MEMORANDUM

Defendant Sonya Reyes pleaded guilty to possession of counterfeit alien registration cards, contrary to 18 U.S.C. § 1546(a). The probation office prepared a pre-sentence report ("PSR"), which set defendant's offense level at 12 (base level 11, U.S.S.G. § 2L2.1(a), plus 3 based on the number of documents involved, § 2L2.1(b)(2)(A), minus 2 for acceptance of responsibility, § 3E1.1) and her criminal history category at I, producing an imprisonment range of 10-16 months under the advisory sentencing guidelines. This range fell within Zone C of the grid, allowing a sentence of ½ prison and ½ community or home confinement. U.S.S.G. § 5C1.1(d)(2). Upon consideration of the factors set forth in 18 U.S.C. § 3553(a), I determined that prison was not necessary to satisfy the purposes of sentencing and thus imposed a sentence of probation and home confinement.

## I. SENTENCING FACTORS

"When sentencing a defendant, a district court must consider all sentencing factors enumerated in 18 U.S.C. § 3553(a)." <u>United States v. Harris</u>, No. 05-4259, 2007 U.S. App. LEXIS 14012, at *9 (7th Cir. June 15, 2007) (citing <u>United States v. Dean</u>, 414 F.3d 725, 728 (7th Cir. 2005)). Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute directs the court, after considering these factors, to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in" sub-section (a)(2). Id. This is the so-called "parsimony provision," which requires district courts to impose the minimum term required to satisfy the purposes of sentencing – just punishment, deterrence, protection of the public and rehabilitation of the defendant. See, e.g., United States v. Cull, 446 F. Supp. 2d 961, 963 (E.D. Wis. 2006); see also United States v. Ferguson, 456 F.3d 660, 667 (6th Cir. 2006) (stating that the parsimony provision serves as "the guidepost for sentencing decisions post-Booker).

## II. DISCUSSION

**A.    Nature of Offense**

Defendant's husband Ismael Reyes created and sold fraudulent identification cards to other undocumented aliens. The authorities learned about him from an informant, then arranged for the informant and an undercover officer to make controlled buys of permanent resident and social security cards. After several controlled purchases, agents obtained and executed a search warrant at the Reyes residence, seizing counterfeiting materials, cash and false identification documents. As the government noted, the crime was serious because it facilitated law breaking by others not lawfully present in the country.

However, defendant's role in the crime was simply to deal with her husband's customers when he was away from the house. She did not manufacture the documents and apparently had no idea how that was even done. The first time the informant came to the Reyes home, defendant simply gave him her husband's name and phone number and indicated when he would be back. Later, she accepted money and a photo from the informant, which she apparently passed on to her husband. During the final controlled transaction, she provided the informant with the card her husband had created when the informant came to pick it up. Thus, while defendant knew what was going on, she was not in charge of the operation, did not create the documents, and was not involved in day-to-day operations; she simply dealt with people when her husband was away.[1] Accordingly, I considered her role in the offense to be

---

[1] At sentencing, defense counsel stated that defendant argued with her husband about his activities, which she did not want to continue. Defendant's husband, whom I had previously sentenced, took responsibility for the crime and expressed great remorse for dragging his wife into the criminal justice system. In a letter to the court, he indicated that he was the one who went down the wrong path and asked me not to punish his wife for his misdeeds.

3

mitigated.

**B.     Defendant's Character and Background**

Defendant was thirty-one years old and had no prior record. She married Ismael in 1996, and they had three children together, ages nine, five and one. According to letters I received from two neighbors, defendant was a great person and an asset to their community. They indicated that she was dedicated to her children and always available to help others.

Following his arrest, Ismael was detained, which forced defendant to make due on her own. This caused significant hardship as defendant had been very dependent on her husband. She primarily worked in the home since marrying and had a limited education and employment history.

Defendant came to the United States in about 1992, and because she had no legal status was subject to deportation. Her parents and siblings remained in Mexico, so she would have support there if removed, although her children were U.S. citizens.[2] She had no substance abuse issues, and her life experiences in terms of education and work had been rather limited.

**C.     Purposes of Sentencing**

As the government indicated, this was a serious crime. Defendant and her husband, themselves in the United States illegally, assisted others in obtaining false documents and thus flout the law, profiting in the process. However, as discussed above, Mr. Reyes was the primary actor in the offense, and I previously sentenced him to one year and one day in prison

---

[2] At sentencing, defense counsel indicated that defendant had arranged with a relative to transport her children to her parents' home in Mexico to await her arrival after deportation. The parties were uncertain when that would take place.

4

to punish him for his conduct. See United States v. Reyes, No. 06-CR-214, 2007 U.S. Dist. LEXIS 43436, at *5 (E.D. Wis. June 4, 2007). Defendant's role in the offense, as also explained above, was limited. Thus, I did not find prison necessary to provide just punishment or promote respect for the law given defendant's specific conduct. 18 U.S.C. § 3553(a)(2)(A). Further, given her clean record, lack of sophistication and any independent criminal tendencies, and the nature of her involvement in this crime, I saw no risk of recidivism from which the public had to be protected. § 3553(a)(2)(C). Nor, given the profound effect of this process on defendant and her family, was prison necessary to deter her from re-offending. § 3553(a)(2)(B). Finally, defendant had no correctional treatment needs, but she did have three children who depended on her. § 3553(a)(2)(D).

**D.    Guidelines**

The guidelines called for a term of 10-16 months. As indicated above, this is a Zone C range, allowing a split sentence of ½ prison and ½ home confinement. Under the circumstances of this case, I did not believe that prison was necessary to satisfy the purposes of sentencing.

First, defendant's role in this crime was limited; she simply dealt with her husband's customers when he was away. He created the counterfeit documents and placed them in the house. Because the guidelines did not account for defendant's limited role, they produced a sentence greater than necessary to provide just punishment.[3]

---

[3] It is true that the parties agreed to hold defendant responsible for 6-24 documents under U.S.S.G. § 2L2.1(b)(2)(A), while Ismael was held responsible for 50-100 documents under § 2L1.2(b)(2)(B). However, this simply accounted for the fact that defendant handled far fewer documents than her husband. It did not account for the fact that defendant's role, even as to the documents with which she was personally involved, was limited in the manner described in the text. Defendant did not request a minor role reduction under U.S.S.G. §

5

Second, the guidelines did not account for defendant's family situation. She was the mother of three children, and her husband was in prison. If defendant had been imprisoned as well, the children would have been left with no parent to care for them. The PSR indicated that one of the children was having emotional problems due to the absence of his father. In a case where prison was not necessary to protect the public or deter future offenses, imposition of a community-based sentence slightly below the range, which avoided subjecting these children to further stress, was appropriate. See United States v. Manasrah, 347 F. Supp. 2d 634, 637 (E.D. Wis. 2004) (citing United States v. Norton, 218 F. Supp. 2d 1014, 1020 (E.D. Wis. 2002)) (granting pre-Booker departure on this ground).

## III. CONCLUSION

Under all of the circumstances, I found a sentence served in the community sufficient to satisfy the purposes of sentencing. I required defendant serve a period of home detention, which was sufficient to satisfy the need for punishment. This sentence was consistent with a guideline range just 2 levels lower and was based on the particular facts of the case, so it did not create unwarranted disparity. § 3553(a)(6).

Therefore, I placed defendant on probation for a period of two years, with a condition that she serve six months of home confinement. I further ordered her to reimburse the government for the controlled purchases it had made, joint and several with her husband. Other terms and conditions of the sentence appear in the judgment.

---

3B1.2(b), and I did not grant one. However, under § 3553(a), the court may properly consider different gradations of culpability in imposing a sentence that is sufficient but not greater than necessary under the particular circumstances of the case.

6

Dated at Milwaukee, Wisconsin, this 19th day of June, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge